UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cr-00156-JMS-TAB-04 |
| ) | |
| ANTHONY L. DUERSON ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Pending before the Court is a letter dated September 17, 2020 from the Bureau of Prisons (the "BOP") advising the Court that Defendant Anthony Duerson has requested that his sentence be served concurrently with a term of imprisonment that was subsequently imposed by the State of Indiana and seeking clarification from the Court as to whether Mr. Duerson's federal sentence should run concurrently or consecutively to his later-imposed state sentence. [Filing No. 219.] The Court ordered the parties to respond to the letter. [Filing No. 218.] Counsel for the Government and Mr. Duerson filed responses. [Filing No. 224; Filing No. 225.] Mr. Duerson, acting *pro se*, also filed a document captioned as a "Motion for Nunc Pro Tunc," in which he asks the Court to "grant a Retroactive Concurrent order" enabling his federal sentence to be served concurrent with his state sentence. [Filing No. 222.] This matter is now ripe for the Court's decision.

**I.
BACKGROUND**

On October 18, 2019, this Court sentenced Mr. Duerson to a 24-month term of imprisonment following a conviction for conspiracy to commit wire fraud in violation of 18 U.S.C.

§ 1349 (the "Federal Sentence"). [Filing No. 139.] A few months after the Court imposed the Federal Sentence, in January 2020, Mr. Duerson was sentenced as follows in three state prosecutions by the Marion County, Indiana trial court for state-law convictions (collectively, the "State Sentence"):

- Case No. 49G04-1606-F6-022435: 538 days of imprisonment for a probation violation in connection with a prior theft conviction;

- Case No. 49G04-1812-F5-042854: one year of imprisonment for a fraud on a financial institution conviction; and

- Case No. 49G04-1903-F6-008971: 180 days of imprisonment for a theft conviction.

[Filing No. 224-1]. The state court ordered Mr. Duerson's state-imposed terms of imprisonment to run consecutively to one another. [Filing No. 224-1 at 1; Filing No. 224-1 at 3; Filing No. 224-1 at 5.] In addition, the state court was aware of Mr. Duerson's Federal Sentence at the time it sentenced Mr. Duerson for his state-law convictions and specifically ordered that Mr. Duerson's State Sentence run consecutive to the Federal Sentence imposed by this Court. [Filing No. 224-1 at 1 (citing 1:18CR00156-004 in consecutive-sentence order); Filing No. 224-1 at 3 (same); Filing No. 224-1 at 5 (same).] According to the BOP, Mr. Duerson is currently in state custody completing his State Sentence. [Filing No. 219.]

## II.
### DISCUSSION

Mr. Duerson has asked that the Court order his Federal Sentence to run concurrent with the State Sentence for which he is now in custody. [Filing No. 219; Filing No. 222; Filing No. 225 at 4.] Mr. Duerson, citing *Setser v. United States*, 566 U.S. 231 (2012), notes that federal courts have discretion to select whether a federal sentence should run consecutively or concurrently with a

state sentence that has not been imposed at that time of the federal sentencing. [Filing No. 225 at 1-2]. He asks the Court to utilize that discretion here, noting that when the Court imposed his Federal Sentence in October 2019, "he had three (3) pending matters in state court, with undischarged time at stake" and that "the pending matters were all economic crimes." [Filing No. 225 at 3.] Mr. Duerson argues that "[t]he cumulative time that he would serve if the federal matter were ordered concurrent to the state court sentences is sufficient, but not greater than necessary to satisfy the factor of [18 U.S.C. §] 3553(a)." [Filing No. 225 at 4.]

The Government argues that Mr. Duerson's Federal Sentence should run consecutive to his State Sentence. [Filing No. 224 at 1.] The Government notes that when the Court sentenced Mr. Duerson, "there [were] no state sentences pending at that time" and the "fact that a state court sentenced [Mr. Duerson] for completely separate charges at a later time should not change this Court's sentence in this matter." [Filing No. 224 at 3-4.] Furthermore, the Government argues that the state court was "well aware of [Mr. Duerson's] federal sentence at the time of his state court [sentencing]" and therefore the state court "was in the best position to order concurrent sentences." [Filing No. 224 at 4.] When faced with the choice, the state court "explicitly ordered the state sentences to run consecutive to each other, and consecutive to the federal case." [Filing No. 224 at 4.]

Federal district courts are empowered to order that a federal sentence run concurrently with a state sentence not yet imposed. *Setser v. United States*, 566 U.S. 231, 234-35 (2012). "In deciding whether to impose a consecutive or concurrent sentence, the district court must consider the factors set forth in § 3553(a)." *United States v. Anchando*, 772 F. App'x 329, 331 (7th Cir. 2019).

The Court was aware of Mr. Duerson's pending state charges when it conducted its analysis under 18 U.S.C. § 3553(a) and imposed its below-Guidelines sentence in October 2019. [*See* Filing No. 119 (Presentence Investigation Report).] Mr. Duerson was also aware of the pending state charges and possible sentences. Indeed, Mr. Duerson's Sentencing Memorandum acknowledged the pending state charges and that, as a result, he "may have to complete more prison time, after this matter." [Filing No. 135 at 4.] The Court further notes that the pending charges were not included in Mr. Duerson's criminal history calculation in his Presentence Investigation Report. [*See* Filing No. 119 at 13.] Mr. Duerson's contention that his "criminal history category was increased [by one point] as a result of the pending probation violation," in Marion County Case No. 49G04-1606-F6-022435 is wrong. He received a single point for the original sentence imposed—"545 days imposed with 3 days jail and 539 suspended to non-reporting probation"—*i.e.*, the three days he did serve, not the 538 days he will serve as a result of the probation violation, [Filing No. 119 at 13]. *See* U.S.S.G. § 4A1.1(c) (calling for the addition of one point for a prior term of imprisonment that is less than 60 days).

Finally, while a state court's recommendation that a subsequently imposed state sentence should run consecutive to an already imposed federal sentence is not binding on the Court, it is a relevant factor for consideration. *See, e.g.*, *United States v. Lacy*, 813 F.3d 654, 658 (7th Cir. 2016) ("[W]here a pending state sentence has yet to be determined, a district court should consider whether the decision to impose a consecutive sentence is better left to the state court judge who will know what that future sentence will be."). Mr. Duerson has not provided the Court with a well-founded basis to undermine the state court's determination that his State Sentence and Federal Sentence should be served consecutively. Indeed, this Court considers the state judge's decision

to be appropriate. Mr. Duerson engaged in a series of criminal offenses, some while he was on probation, and his lack of respect for the law should not be rewarded with concurrent sentences.

While the Court recognizes its discretion to order Mr. Duerson's Federal Sentence to run concurrent with his State Sentence, the Court **DENIES** Mr. Duerson's request.

### III.
### CONCLUSION

For the reasons above, Mr. Duerson's request, [222] and [225], that the Court order his Federal Sentence to run concurrently with his State Sentence is **DENIED**. In response to its Letter, [219], the BOP is advised that Mr. Duerson's Federal Sentence will commence upon completion of his aggregate State Sentence.

Date: 10/30/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF to all counsel of record**

**Distribution via U.S. Mail to:**

Mr. Anthony L. Duerson (DOC# 166820)
Branchville Correctional Facility
21390 Old State Road 37
Branchville, Indiana 47514

Mr. John O'Brien, Chief
U.S. Department of Justice – Bureau of Prisons
U.S. Armed Services Reserve Complex
346 Marine Forces Drive
Grand Prairie, Texas 75051